UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00667-SEP |
| | ) | |
| JOSHUA MARTIN-JOHNSON, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Joshua MARTIN-JOHNSON, represented by defense counsel Chimene Laskley, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One of the Superseding Information, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's diversion of mail packages containing narcotics on or between August 24, 2020 and December 16, 2020, of which the Government is aware at this time.

1

In addition, the parties agree that they will jointly recommend a sentence of "time served" with one year of supervised release to the Court at the time of defendant's sentencing. The parties recognize that this joint recommendation is not binding upon the Court, who has the authority to sentence the defendant within the applicable statutory sentencing range.

### 3. ELEMENTS:

As to Count One of the Superseding Information, the defendant admits to knowingly violating Title 18, United States Code, Section 1701, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) That the defendant obstructed the passage of the mail, or any carrier or conveyance carrying the mail; and

(b) That the defendant acted knowingly and willfully.

### 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial:

In May of 2020, a confidential source (hereinafter "CS") advised the Government that a letter-carrier with the United States Postal Service (USPS), whom the source identified as defendant MARTIN-JOHNSON, would assist him/her in diverting packages containing illegal narcotics so that they were delivered to addresses other than those listed on the packages. In exchange for doing this, the source indicated that s/he would pay the defendant up to $200 in U.S. currency.

On August 17, 2020, the CS conducted two recorded phone calls with the defendant and advised the defendant that a package containing "ice," a common term used to refer to pure

2

methamphetamine, would be arriving on that Tuesday (August 25th) in the name of "Anthony Simpson" The CS and the defendant then discussed potential addresses, which were vacant homes along the defendant's mail route where the package could be sent. The CS and the defendant agreed that the package could be marked to be delivered to 8202 Appleton Road, St. Louis, Missouri, 63132, and the defendant would intercept it and deliver it to the CS at a different location to be agreed upon later.

Investigators then mailed the purported package, which contained a GPS locator and 14 grams of methamphetamine, and conducted surveillance on the defendant. On August 24, 2020, investigators observed the defendant drive up to 8202 Appleton Road and mark the subject package as an attempted delivery, saying "no authorized recipient available." The CS then called the defendant, who met him at a different location and took custody of the package. The CS provided $200 to the defendant in exchange for the package and asked if the defendant could assist with future packages containing "ice," to which the defendant agreed.

Investigators with the United States Postal Inspection Service conducted an identical operation utilizing the same CS and the defendant on December 16, 2020. Once again, the defendant marked that the subject package had been delivered to 8202 Appleton, but actually delivered it to the CS at an alternate location.

## 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than six (6) months, a fine of not more than $25,000.00, or both such imprisonment and fine. The Court may

3

also authorize a term of supervised release up to one year, pursuant to Title 18, United States Code, Section 3583(b)(3).

## 6. U.S. SENTENCING GUIDELINES (2021 MANUAL):

The defendant understands that this offense is a class B misdemeanor and, as such, the United States Sentencing Guidelines do not apply to this offense of conviction and the Court may impose any sentence authorized by statute pursuant to USSG Section 1B1.9, Application Note 1.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to statute of limitations, pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea and accepts the joint recommendation of the parties then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues should the Court sentence the defendant within the applicable statutory range of punishment.

4

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of

5

the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

**d.   Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $10 for Count One of the Superseding Information, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.   Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.   Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the superseding information.

**g.   Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such

6

items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

### 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial

will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:</u>

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT:</u>

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

10/24/2022
Date

ANGIE D. DANIS, #64805MO
Assistant United States Attorney

10/11/2022
Date

JOSHUA MARTIN-JOHNSON
Defendant

10/20/22
Date

CHIMENE LASKLEY
Attorney for Defendant

9